IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2021

## STATE OF TENNESSEE v. MARIO RAMIREZ RODRIGUEZ

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-814      Mark Fishburn, Judge**

### No. M2020-01526-CCA-R3-CD

The defendant, Mario Ramirez Rodriguez, appeals the summary dismissal of his motion to correct what he believes to be an illegal sentence imposed for his 2007 guilty-pleaded convictions of two counts of rape of a child. Discerning no error, we affirm the ruling of the trial court but remand the case for the entry of a corrected judgment form for Count 2 that reflects the pretrial jail credits awarded to the defendant.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed; Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Mario Ramirez Rodriguez, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2007, the Davidson County Grand Jury charged the defendant with eight counts of rape of a child, one count of aggravated sexual battery, and four counts of statutory rape by an authority figure. The defendant pleaded guilty to two counts of rape of a child in exchange for a total effective sentence of 20 years' incarceration and dismissal of the remaining charges. The defendant petitioned for a writ of habeas corpus in 2012, claiming, among other things, that "the trial court illegally sentenced him as a repeat violent offender on Count 2." *Mario Ramirez Rodriguez v. Arvil Chapman, Warden*, No. M2012-00958-CCA-R3-HC, 2013 WL 1912588, at *1 (Tenn. Crim. App., Nashville, May 8, 2013). The habeas corpus court denied habeas corpus relief, finding, as is relevant here,

"that '[t]he Count 2 checking of the Repeat Violent 100% box instead of the Child Rapist 100% box obviously appear[ed] to be a clerical error which may be corrected by the sentencing court under Tenn[essee] R[ule of] Crim[inal] P[rocedure] 36.'" *Id.* (alterations in original). On direct appeal from the denial of habeas corpus relief, this court agreed that the checking of the repeat violent offender box was error, but concluded that the defendant was "entitled to habeas corpus relief only to the extent of permitting entry of amended judgment forms for Count 2 to properly reflect his release eligibility status as "a 'Child Rapist 100%' rather than as a 'Repeat Violent 100%.'" *Id.* at *5. Because "the trial court had already entered corrected judgment forms prior to the decision of the habeas corpus court ordering such action," this court held that "there was nothing left to be corrected" and affirmed the denial of further habeas corpus relief. *Id.*

In August 2020, the defendant challenged his sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his sentence is illegal because his ability to earn sentence reduction credits was a bargained-for element of his plea agreement, because he was not informed that he would be subject to community supervision for life, and because the corrected judgment form for Count 2 does not include the pretrial jail credits to which he is entitled by virtue of the concurrent alignment of his sentences and which were enumerated in the original judgment form for that count. The trial court found that the transcript of the defendant's guilty plea submission hearing, which the defendant exhibited to his motion, belied his claims that he bargained for the ability to earn sentence reduction credits and that he was unaware of the lifetime supervision requirement. The trial court concluded that the defendant's assertion about his pretrial jail credits was correct but did not enter a corrected judgment, noting that it appeared from the defendant's "time sheets" that the Tennessee Department of Correction ("TDOC") had given him the credits based upon the original judgment forms.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

We agree with the trial court that the guilty-plea submission transcript belies the defendant's claims with regard to sentence reduction credits and the lifetime supervision requirement. Moreover, because they amount to an assertion that his pleas were not knowingly entered, these claims, even if true, would not entitle the defendant to relief via Rule 36.1. We also agree with the trial court that the failure to include the pretrial jail credits on the corrected judgment form for Count 2 is a clerical error, but we disagree with the disposition of the defendant's claim, particularly given that it was based upon a review of the "time sheets" from TDOC. The court should have confined itself to the record in the case. TOMIS reports are generated by TDOC and are not part of the record. The court should have entered a corrected judgment form reflecting the pretrial jail credits, and we remand the case to the trial court for this sole purpose.

Accordingly, the judgment of the trial court is affirmed and remanded.

_____
JAMES CURWOOD WITT, JR., JUDGE